UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>TAUNO O. WATIA,<br><br>Debtor. | Case No. 20-00546-NGH<br><br><br>Chapter 7 |

**MEMORANDUM OF DECISION**

On November 23, 2020, the Court entered orally its ruling on a voluntary motion to dismiss filed by Tauno Watia ("Debtor"). Doc. No. 30 (the "Dismissal Motion"). On December 1, 2020, the Court entered the proffered order denying the Dismissal Motion consistent with its oral ruling. Doc. No. 47 (the "Order"). On December 9, 2020, Debtor filed a motion to reconsider the Order. Doc. No. 51 (the "Motion to Reconsider").

Motions to reconsider do not exist under the Rules.[1] *In re Ricks*, 2015 WL 6125559, *2 (Bankr. D. Idaho Oct. 16, 2015). Such motions are treated as motions under Civil Rule 59(e) made applicable by Rule 9023. *Id*. "[R]econsideration of a judgment or order after its entry by the court 'is an extraordinary remedy which should be used sparingly.'" *Id*. (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (citation omitted)). Establishing relief under such a motion requires a movant to meet a high standard. A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the [] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

---

[1] Unless otherwise indicated all references to "Rules" are to the Federal Rules of Bankruptcy Procedure and all references to "Civil Rules" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

(9th Cir. 2009) (internal citation omitted)). Such a motion cannot be used to reargue matters "or to attempt to cure deficiencies in earlier submissions that were found to be inadequate." *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004).

Under these standards, the Motion to Reconsider does not establish adequate grounds for relief. Debtor does not point to any "newly discovered evidence" as contemplated by Civil Rule 59 (*i.e.*, evidence that could not have been discovered and timely presented by the movant acting with due diligence). Further, the Court found and concluded when originally ruling on the Dismissal Motion that Debtor had failed to carry his burden to demonstrate creditors would not be prejudiced by dismissal. *See Bartee v. Ainsworth (In re Bartee),* 317 B.R. 362, 365-66 (9th Cir. BAP 2004). Denying the Dismissal Motion on this ground was not a manifest error of fact or law and was consistent with controlling case law in this Circuit. Moreover, Debtor does not cite to, nor is the Court aware of, any intervening change in controlling law that would require a different result.

Therefore, Debtor's Motion to Reconsider will be denied. The Court will enter an appropriate order.

DATED: December 14, 2020



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 2